IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| JESS JAMES LAMERE, JR., | ) | Cause No. CV 06-63-BLG-RWA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, WARDEN; BILL SLAUGHTER, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

On April 20, 2006, Plaintiff Jess Lamere moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983.  The motion was granted in a separate Order.  Lamere is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings *in forma pauperis* and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims.  28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  The court must identify cognizable claims, or dismiss

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez*, 203 F.3d at 1127.  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).  Additionally, the courts must liberally construe *pro se* pleadings.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Lamere's Allegations

Lamere's father passed away on December 16, 2005.  At the time, Lamere was incarcerated at the Montana State Prison.  He requested furlough to attend the funeral, explaining that his family would pay all the expenses, but he was denied permission to

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

attend.  For his relief, he seeks placement nearer to Great Falls, where his family lives, release on parole, and compensation.  *See* Compl. (doc. 1) at 3-4, ¶¶ IV-V.

## III. Analysis

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Lamere can show no deprivation of his constitutional or other federal rights.  No constitutional provision or other federal law required the Defendants to permit Lamere to attend his father's funeral.  The Complaint could not be amended to state a claim.  The action should be dismissed with prejudice on the grounds that it fails to state a claim on which relief may be granted.

### RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS** that Lamere's Complaint (doc. 1) be DISMISSED WITH PREJUDICE and the docket reflect that his filing of this action counts as one strike for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).  The Court should also certify that any appeal from the dismissal of this action would not be taken in good faith, pursuant

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

to Fed. R. App. P. 24(a)(3).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[1] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Plaintiff must immediately inform the Court of any change in his mailing address.

DATED this ____25th____ day of September, 2006.


/s/ Richard W. Anderson
Richard W. Anderson
United States Magistrate Judge

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4